## THE STATE OF IOWA *v.* BURGE.

Section 3029 of the Code, is directory; and the failure on the part of the court, to have the names of the jurors called when they return into the box with their verdict, for the purpose of receiving further instructions, is not such an error as to call for a reversal of a judgment, unless it is made to appear that by such failure, some prejudice has resulted to the defendant.

Where no part of the evidence in a cause is contained in the record, the appellate court cannot say that the court below erred in overruling a motion for a new trial, on the ground that the verdict is contrary to the law and the evidence.

Where the instructions given and complained of, are not embodied in the record, and were not excepted to, at the time they were given, they cannot be considered by the appellate court.

Where the evidence on which a defendant in a criminal case was convicted, is not set out in the record, the appellate court must presume that it was sufficient to establish, in the minds of the jury, the fact that defendant had committed the offense with which he was charged.

Where it is sought to revese a judgment in a criminal case, on the ground of newly discovered evidence, and it appears to the court, that the evidence would only tend to establish a fact, which could not change the result, or which would tend to disprove an allegation in the indictment, which the state would not be bound to prove in order to a conviction, the judgment will not be reversed, and a new trial granted.

Where an indictment charged the defendant, with having "falsely marked and branded sixty sacks, containing wheat flour, with the brand and mark, '98 lbs. superfine,' with intent to defraud S. and W.," and that the said "sacks of flour, so marked," &c., he, the said defendant, "then and there sold and delivered to said S. and W., as and for sixty sacks of flour of ninety-eight pounds of superfine flour each, whereas," &c.; *Held*, 1. That proof that defendant had falsely so marked the said sacks, or any of them, with intent to defraud, was sufficient to constitute the offense, and to sustain a verdict of guilty against him ; 2. That it was not necessary for the state to prove the averment, that the defendant sold and delivered the same to S. and W.

Where there is no demurrer to, or motion to set aside, the indictment, nor any motion in arrest of judgment, no question as to the sufficiency of the indictment can properly arise.

*Appeal from the Henry District Court.*

THURSDAY, DECEMBER 9.

This is an indictment under 2750 of the Code, and charged that the defendant did wilfully and falsely mark and

brand sixty sacks, containing wheat flour, with the mark and brand, " 98 lbs. superfine," with the intent to defraud H. G. Staples and E. F. Winslow, which said sacks of flour, so as aforesaid falsely marked as and for ninety-eight pounds of superfine flour, he, the said defendant, then and there sold and delivered to the said H. G. Staples and E. F. Winslow, as and for sixty sacks of ninety-eight pounds of superfine flour each; whereas, &c. The defendant filed his plea, of not guilty.

It appears from the bill of exceptions, that some time after the jury had retired to consider their verdict, and about 11 o'clock at night, they sent to the court, for further instructions ; that the jury was then brought into the court room, and the court being satisfied that all the jurors were present, together with one of the attorneys for the defendant, proceeded to further instruct them on the law, in relation to the point of difficulty suggested by the jurors; that after being re-instructed, the jury retired, and soon after, returned in open court, in charge of the bailiff, and having taken their seats in the jury box, and the court being satisfied that all the jury were present, the foreman, in the presence of one of the defendant's attorneys, handed to the court the verdict of the jury, which said verdict was received by the court in person, the clerk being present, no objection being made by the attorney of defendant; and that no poll of the jury was requested.

The instructions given to the jury, are not contained in the record, and it appears from the bill of exceptions, that the instructions were given verbally, and that they were not excepted to. The evidence adduced upon the trial was not embodied in the record, nor brought to the supreme court. Upon the rendition of the verdict, the defendant filed a motion to set aside the verdict and for a new trial, for the following reasons :

1. The court erred in not calling the names of the jurors, when they came into court, to be further instructed, and when they returned with their verdict.

The State of Iowa v. Burge.

2. The verdict is contrary to the law and the evidence.

3. The court charged the jury upon the facts, as well as the law, of the case.

4. Because of material evidence discovered by the defendant since the trial—appended to which motion, were affidavits setting out the newly discovered evidence.

The motion having been overruled, the defendant sentenced to pay a fine of one hundred dollars, and the costs and to stand committed until the same were paid, from which he appealed, and now assigns for error, the following:

1. The court erred in re-instructing the jury, without first calling their names.

2. In receiving the verdict, and discharging the jury, without calling their names.

3. In overruling the motion for a new trial.

*R. L. B. Clarke*, for the appellant.

*S. A. Rice*, (Attorney General), for the State.

STOCKTON, J.—The first and second assignments of errors are of the same nature. It is claimed that in recalling the jury into the box, for instructions by the court, and in instructing them, without first calling over their names; and in receiving their verdict and dicharging them, without calling their names, the district court erred. The provision of the statute requiring the names of the jurors to be called, is directory; and a failure on the part of the court to observe it, is not such an error as to call for the reversal of the judgment, unless it is made to appear that by such failure, some prejudice has resulted to the defendant.

The third error assigned, was the overruling the motion for a new trial. The first ground urged for the new trial, is the same as that contained in the first and second assignments of errors, and may be considered as sufficiently disposed of by the remarks already made.

The second ground is, that the verdict is contrary to the law and the evidence. No part of the evidence is contained in the record, and we are unable to say that the court erred in overruling the motion, for the cause alleged.

The third ground is, that the court charged the jury upon the facts. To this, it must be replied, that the instructions given, are not embodied in the record, and no exception was taken to the charge at the time it was given.

The fourth ground urged is newly discovered evidence, material to the defense. As the evidence on which the defendant was convicted is not set out in the record, we must assume that it was sufficient to establish in the minds of the jury the fact that the defendant had committed the offense with which he was charged. The offense defined by the statute is, the " falsely marking any cask, package, box, or bale, as to quality or quantity, with intent to defraud." The defendant is charged with having falsely marked and branded sixty sacks containing wheat flour, with the brand and mark " 98 lbs., superfine," with intent to defraud H. G. Staples and E. F. Winslow. The proof of the defendant having so falsely marked the said sacks, or any of them, with intent to defraud, was sufficient to constitute the offense, and to sustain a verdict of guilty against him. It was not necessary for the state to prove, in addition, the further averment of the indictment, that " the said sacks of flour, so marked," &c., " he, the said Burge, then and there sold and delivered to said H. G. Staples and E. F. Winslow, as and for sixty sacks of flour of ninety-eight pounds of superfine flour each, whereas," &c.

The newly discovered evidence would only have tended to establish the fact, that a portion of the sacks contained more than ninety-eight pounds of flour; and the further fact, that they were not sold absolutely to the said Staples & Winslow. We do not see that these facts, if proved, could have in any manner changed the result. The defendant was properly convicted, if a portion of the sacks were falsely marked, with intent to deceive, &c., without reference to

the fact whether they were absolutely sold to Staples & Winslow or not.  This conclusion renders it unnecessary for us to inquire whether the defendant might not have produced this alleged newly discovered evidence on the trial, by the exercise of proper diligence.

As it does not appear to us that the district court has improperly exercised the discretion vested in it, in overruling the motion for a new trial, the judgment must be affirmed.

· The argument cf counsel for the defendant, has been chiefly devoted to the consideration of the sufficiency of the indictment, and to other questions either not made in the court below, or not saved by bill of exceptions. There was no demurrer to, or motion to set aside the indictment; nor any motion in arrest of judgment.  The questions argued by the counsel do not, therefore, properly arise in the cause.

Judgment affirmed.